UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC DRAKE | CIVIL ACTION |
| VERSUS | NO: 06-6264 |
| UNITED STATES OF AMERICA | SECTION: "S" (1) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and the case is **DISMISSED**. (Document #18.)

**IT IS FURTHER ORDERED** that Eric Von Drake's motion for partial summary judgment is **DENIED** as moot. (Document #13.)

### I. BACKGROUND

In May 1990, Eric Von Drake was arrested in Virginia Beach, Virginia, for misusing a social security number. He pleaded guilty in the United States District Court for the Eastern District of Virginia to a one count information charging him with a felony, the production a false identification document, in violation of 18 U.S.C. § 1028(a)(1). Von Drake served a sentence of 141 days and, thereafter, obtained a pardon from Louisiana Governor Edwin Edwards in

September 1995.

Von Drake filed a complaint and application for injunctive relief, asserting violations of his constitutional rights under 42 U.S.C. § 1983. Von Drake seeks to have his Second Amendment right to posses firearms and ammunition restored[1] because he received the Governor's pardon, and therefore a Presidential pardon for the federal conviction is unnecessary.

Von Drake filed a motion for summary judgment. The government filed a motion to dismiss the complaint for improper venue, for lack of subject matter jurisdiction, and *res judicata*.

## II. DISCUSSION

---

[1] This is Von Drake's fourth lawsuit seeking to restore Second Amendment rights. In June 2002, Von Drake filed a petition in Texas state court, which was removed to the Eastern District of Texas. The court for Eastern District of Texas dismissed the complaint for failure to state a claim upon which relief could be granted because the State pardon did not remove the federal disability. See Eric Von Drake v. United States Dep't of Justice and Federal Bureau of Investigation, No. 02-0271 (E.D. Tex. 2003).

In November 2005, Von Drake filed a motion for judicial review and expungement of his criminal record in the Eastern District of Virginia. See United States v. Eric Von Drake, No. 90-0080 (E.D. Va. 2005). The district court denied the motion, holding that Von Drake did not present extreme, exceptional, or unusual circumstances to warrant expungement. Id. Von Drake filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, but withdrew his appeal in February 2006.

In April 2006, Von Drake filed an application and request for judicial review from disabilities under the Federal Firearms Act in the Eastern District of Texas. See Drake v. United States of America, 06-0226 (E.D. Tex. 2006). The magistrate judge recommended that the action be dismissed for lack of subject matter jurisdiction. Judicial review was not available under 18 U.S.C. § 925(c) because Von Drake had not made an application to the Director of the Bureau of Alcohol, Tobacco, and Firearms (ATF), to whom the Attorney General had delegated authority. The district court adopted the report and recommendation of the magistrate judge and dismissed the action for lack of subject matter jurisdiction. Drake v. United States, 441 F.Supp.2d 779, 779-80 (E.D. Tex. 2006).

### A. Legal standard

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

### B. Restoration of privileges

The government contends that the court lacks jurisdiction because Von Drake has not received a Presidential pardon or applied for relief from the Attorney General or the Bureau of Alcohol, Tobacco, and Firearms, pursuant to § 925(c).

The Gun Control Act, 18 U.S.C. § 921 *et seq*, prohibits any person convicted of a crime punishable by imprisonment for a term exceeding one year from possessing a firearm or ammunition. The Firearm Owners Protection Act amended § 921(a)(20) to provide the

3

following exemption:

> Any conviction which has been expunged or set aside for which a person has been pardoned or had civil rights restored shall not be considered a conviction for purpose of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

In Beecham v. United States, 114 S.Ct. 1669 (1994), the United States Supreme Court addressed the question whether restoration of civil rights by states could remove disabilities from firearms ownership that arose as a result of a federal conviction. The Supreme Court determined that the restoration of civil rights is governed by the law of the convicting jurisdiction and concluded that § 921(a)(20) applies only if civil rights have been restored under federal law. Id. at 1671.

Section 925(c) provides a procedure for relief for a person who is prohibited from possessing firearms or ammunition:

> A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the . . . possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

Since 1992, Congress has refused each year to provide funding to ATF to review applications for relief from federal firearms disabilities. See United States v. Bean, 123 S.Ct.

584, 586-87 (2002).[2]  The United States Supreme Court held that inaction does not amount to a "denial within the meaning of §925(c)," and "an actual adverse action on the application by ATF is a prerequisite for judicial review." Id. at 587.  "[J]udicial review under § 925(c) cannot occur without a dispositive decision by ATF." Id.  "Whether an applicant is likely to act in a manner dangerous to public safety presupposes an inquiry into that applicant's background–a function best performed by the Executive, which, unlike courts, is institutionally equipped for conducting a neutral, wide-ranging investigation." Id. at 588 (internal quotation omitted).  "[T]he very use in § 925(c) of the word 'review' to describe a district court's responsibility in this statutory scheme signifies that a district court cannot grant relief on its own, absent an antecedent actual denial by ATF." Id.

Von Drake asserts that his civil rights have been restored by the State pardon.  He further contends that he attempted to exhaust his administrative remedies with the ATF and filed for judicial review in the United States District Court for the Eastern District of Texas.

Von Drake's contentions are not supported by the record and the law.  Under Beecham, the Governor's pardon cannot remove disabilities as a result of a federal conviction or restore his civil rights.  Moreover, the 2003 lawsuit in the Eastern District of Texas was dismissed because the State pardon did not remove the federal disability; and the 2006 lawsuit was dismissed because Von Drake had not made an application to the Attorney General.  In this fourth lawsuit,

---

[2]  See Beecham v. United States, 114 S.Ct. at 1672 ("Under our reading of the statute, a person convicted in federal court is no worse off than a person convicted in a court of a State that does not restore civil rights."  "We express no opinion on whether a federal felon cannot have his civil rights restored under federal law." Id. at n.*.

Von Drake gives no indication that circumstances have changed.

Accordingly, judicial review is not available, and the court lacks subject matter jurisdiction over the case.[3]

### III. CONCLUSION

The government's motion to dismiss for lack of subject matter jurisdiction is granted, and the case is dismissed. Von Drake's motion for summary judgment is denied as moot.

New Orleans, Louisiana, this   18th day of April, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[3] Because the jurisdictional issue is dispositive, the court does not address improper venue and *res judicata*.